## (December 18, 1973)

■ 210 EAST 68TH STREET CORP., Respondent-Appellant, v. CITY RENT AGENCY et al., Appellants-Respondents. STATE DIVISION OF HOUSING, Respond-

ent-Appellant; Metropolitan Council on Housing et al., Appellants-Respondents, and Bram Hyman, Respondent.— Judgment, Supreme Court, New York County, entered November 13, 1973, unanimously modified, on the law, by deleting decretal paragraph numbered 7 and by extending the language of paragraphs numbered 4, 5, and 6 to section 3 (Local Laws, 1973, No. 24 of City of New York, § 3), and otherwise affirmed, without costs and without disbursements. The task of the court is to construe the language "more stringent or restrictive provisions of regulation and control than those presently in effect" found in chapter 372 of the Laws of 1971. The mechanical technique of simply reading the provisions of section 33 (Local Laws, 1970, No. 30 of City of New York, § 33) in order to pinpoint the provisions of regulation in effect on June 1, 1971, ignores the realities and the legislative history of chapter 372. (See N. Y. Legis. Annual, 1971, pp. 312-313, 560-562.) It is abundantly clear that the Legislature and Governor intended to prevent the city from retreating from the softening of rent controls represented by Local Law No. 30 regardless of when the various aspects of that package would become operative. An absurdity would be ascribed to the Legislature if it were found that chapter 372 merely prohibited the city from making more restrictive the provisions of prior law (Local Laws, 1962, No. 20 of City of New York) to the extent not supplanted on June 1, 1971, since the prior law was being blamed widely for causing the housing deterioration that chapter 372 was designed to abate. Likewise, the Legislature has determined that the prior law was more restrictive than Local Law No. 30. The repeal of Local Law No. 30 merely reinstates the prior law. It follows that the repeal offends chapter 372. Finally, Special Term properly exercised its discretion in refusing the application to drop the State Division of Housing as a defendant in this declaratory judgment action involving the construction of State legislation drafted in part by that defendant. In contemplation of further appeals to the Court of Appeals, the vacatur of the stay under CPLR 5519, contained in the order filed in this court on November 13, 1973, will be continued, on the same terms and conditions, for 30 days from the date hereof to afford an opportunity for application to the Court of Appeals to extend that relief. Concur — Stevens, P. J., McGivern, Kupferman, Murphy and Lane, JJ. [76 Misc 2d 425.]